Simpson Thacher & Bartlett LLP

425 LEXINGTON AVENUE
NEW YORK, NY 10017

TELEPHONE: +1-212-455-2000
FACSIMILE: +1-212-455-2502

Direct Dial Number
+1-212-455-2118

E-mail Address
tim.cameron@stblaw.com

VIA ECF

September 18, 2026

Re: *Kovalenko et al. v. Ubiquiti, Inc.*, Case No. 26-cv-06838

The Honorable Henry J. Ricardo
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Dear Judge Ricardo:

Pursuant to the Court's Individual Rules and Practices and August 31, 2026 Order (ECF 15), we respectfully write on behalf of Defendant Ubiquiti Inc. ("Ubiquiti") concerning its anticipated motion to dismiss the Complaint (ECF 4) ("Compl.").

**Overview**

The Complaint is a legally baseless attempt to pin wartime injuries allegedly inflicted on Ukrainian citizens by the Russian military on a U.S. company that lawfully manufactured and marketed non-military network equipment that was sold to civilian businesses and consumers around the world. The Complaint attempts to do this without alleging (as it could not) that Ubiquiti participated in, assisted, or endorsed this wartime conduct or otherwise authorized use of its equipment for non-civilian purposes. And it attempts to do this even though it never alleges Ubiquiti ever sold any equipment to the Russian military (it did not) or that Ubiquiti ever manufactured drones, munitions, or weapons systems (which, again, it did not).

Ubiquiti cannot as a matter of law be held liable for the unauthorized use of its equipment (including in violation of distribution agreements and terms of service) by a foreign military that obtained the equipment in the stream of commerce through a chain of events involving, by the Complaint's own description, independent downstream resellers.

The Complaint recycles and repeats allegations made earlier this year in a report by an affiliate of an investment firm, Hunterbrook Capital, which at the time had a short position in Ubiquiti stock and thus a financial motive to drive down Ubiquiti's stock price. That report includes the fatal concession that underscores the extraordinarily speculative nature of the entire Complaint: namely, that the networking equipment allegedly involved in these drone

strikes could have been "*made by another manufacturer*."[1] Contrary to Plaintiffs' claim that Ubiquiti was somehow on notice of unauthorized use of its equipment by the Russian military as a result of this report, it post-dates almost all of the harm allegedly sustained by Plaintiffs.

Ultimately, however much a manufacturer may sympathize with victims of wartime violence, no manufacturer should be—or is—legally exposed to potential liability for harm caused by a sovereign military force absent concrete factual allegations of the type that do not (and cannot) exist here. Plaintiffs' lawsuit against Ubiquiti is entirely misplaced, has no basis in law, and should be dismissed.

**Summary of Foundational Defects**

As set forth below, even assuming the truth of the Complaint's allegations, the Complaint has fundamental and incurable defects, including:

1. Plaintiffs do not, and could not, plead Ubiquiti ever sold its products to the Russian military—either before the U.S. imposed sanctions on the sale of goods to Russia following Russia's February 2022 invasion of Ukraine or after that invasion.

2. Plaintiffs do not, and could not, plead that Ubiquiti equipment was actually used in connection with the specific Russian drone attacks that allegedly injured them (or any specific attack). Instead, Plaintiffs rely entirely on anecdotal allegations from the report of the short-seller affiliate to support their speculation that the Russian military used Ubiquiti equipment, but without specifically alleging when or how that was so, and, most importantly, without alleging that Ubiquiti equipment was used in connection with the attacks at issue here.

3. Plaintiffs do not, and could not, adequately allege that Ubiquiti had any involvement in causing their alleged injuries. Again, and Plaintiffs do not allege otherwise, Ubiquiti has never manufactured any of the drones, explosives, weapons, or targeting systems that the Complaint alleges were used by the Russian military to cause Plaintiffs' injuries, and Ubiquiti has never sold any equipment to the Russian military. To the contrary, as the Complaint all but concedes, the alleged injuries were the end-product of multiple intervening, independent acts involving independent third parties not controlled by Ubiquiti. Even under the most favorable reading of the Complaint, these intervening third-party actors and actions—which break the causal chain back to Ubiquiti—include:

- Civilian businesses and individuals, who obtained equipment that Ubiquiti lawfully manufactured and marketed (both before and after the U.S. imposed sanctions in 2022 on Russia), which these actors then allegedly sold or transported into Russia (likely through multiple intermediate transactions) – including the "straw purchasers," international "smugglers," and secondary market "resellers" cited in the Complaint (Compl. ¶¶ 8, 60–64, 86, 169, 204);
- Downstream re-sellers in Russia, who then allegedly (again, potentially through multiple intermediate transactions) sold the equipment to the Russian military (*id.* ¶¶ 8, 62);

[1] Jenny Ahn et al., *Ubiquiti: The U.S. Tech Enabling Russia's Drone War*, Hunterbrook Media, footnote 1 (Jan. 27, 2026 6:59 AM ET), https://hntrbrk.com/investigations/ubiquiti (emphasis added).

- The Russian military, who then allegedly used this equipment for unauthorized and unintended military purposes in its Ukraine war campaign (*id.* ¶¶ 77–80, 105–10);
- Specific Russian units, who then allegedly used this equipment to direct drone attacks on Ukrainian civilians in violation of the rules of war (*id.* ¶¶ 39, 111–16).

4. Plaintiffs allege no circumstances predating the short-seller report on January 27, 2026 (*id.* ¶¶ 91–92) that would have put Ubiquiti "on notice" of the unauthorized use of its equipment by the Russian military. And even if a self-serving report issued by an affiliate of a short-selling investment firm with an acknowledged profit motive could qualify as sufficient notice, this report was issued *after* all but one Plaintiff sustained the alleged injuries.

5. Plaintiffs' suggestion that Ubiquiti is somehow liable because it could and should have, but did not, implement a so-called "kill switch" or "whitelist" of users is similarly insufficient to sustain any of the claims. Nothing in the law imposes on manufacturers such as Ubiquiti a duty to design and implement an ability to disable non-defective devices that the manufacturer lawfully sold; and there are many legitimate reasons why doing so, even if technologically feasible, would be problematic.

**Summary of Legal Grounds for Dismissal**

These defects, among others, require dismissal on multiple legal bases, including:[2]

1. <u>Lack of Article III standing (All Counts)</u>: Plaintiffs' injuries are not fairly traceable to the challenged conduct. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).
2. <u>Failure to plead factual or proximate causation (All Counts)</u>: Plaintiffs fail to plead factual causation (*e.g.*, that Ubiquiti equipment was used in the alleged harm), *see Shumylo v. Tex. Instruments Inc.*, 2026 WL 1894422, at *1, 6 (N.D. Tex. July 1, 2026), and proximate causation (*e.g.*, due to the intervening actors and actions described above), *see People v. Sturm, Ruger & Co.*, 761 N.Y.S.2d 192, 201–02 (N.Y. App. Div. 2003).
3. <u>Failure to plead negligent entrustment (Count I)</u>: New York law does not require manufacturers to refrain from distributing legal, non-defective products. *See Forni v. Ferguson*, 648 N.Y.S.2d 73, 74 (N.Y. App. Div. 1996). Nor does New York require manufacturers to investigate, identify, or police downstream distributors. *Hamilton v. Beretta U.S.A. Corp.*, 750 N.E.2d 1055, 1065 (N.Y. 2001).
4. <u>Failure to plead public nuisance (Count II)</u>: Because the alleged activity (the Russia/Ukraine war) is not attributable to Ubiquiti and not subject to abatement by a U.S. court, the claim fails. *See Sturm, Ruger & Co.*, 761 N.Y.S.2d at 194–95, 204. Moreover, the claim is nonjusticiable because it would require the Court to address a political question by making foreign policy judgments. *See Baker v. Carr*, 369 U.S. 186, 211–13 (1962).
5. <u>Failure to plead product liability claims (Counts III-IV)</u>: The Complaint does not plead any design defect, and the absence of a "kill switch" here is not a design defect. *See Elsroth v. Johnson & Johnson*, 700 F. Supp. 151, 163 (S.D.N.Y. 1988).

---

[2] This letter does not address all arguments supporting dismissal, including that Ukrainian, not New York, law may govern Plaintiffs' claims.

6. Failure to plead aiding and abetting and NIED (Counts V-VIII): The Complaint does not consistently plead an underlying intentional tort (such as battery) or the elements of aiding and abetting, actual knowledge, or substantial assistance. Even if true, any lawful sales of equipment that indirectly made its way to the Russian military, which then used the equipment in connection with the attacks in question, does not constitute substantial assistance. *See Twitter v. Taamneh*, 598 U.S. 471, 489 (2023).

7. Federal preemption (All Counts): All Counts are barred by field preemption, *see Arizona v. United States*, 567 U.S. 387, 399–401 (2012), and conflict preemption, *see Crosby v. Nat'l Foreign Trade Council*, 530 U.S. 363, 375–81 (2000).

* * *

Ubiquiti submits that any attempt at repleading would be futile. Accordingly, Ubiquiti respectfully requests leave to file a motion to dismiss the Complaint with prejudice, in which it will set out these and other arguments in more detail.

Respectfully submitted,

SIMPSON THACHER & BARTLETT LLP

*/s/ Timothy G. Cameron*

Timothy G. Cameron
Nicholas S. Goldin
Anthony C. Piccirillo

425 Lexington Avenue
New York, New York 10017
Telephone: (212) 455-2000
ngoldin@stblaw.com
tim.cameron@stblaw.com
anthony.piccirillo@stblaw.com

Abram J. Ellis

900 G St. NW
Washington, DC 20001
Telephone: (202) 636-5500
aellis@stblaw.com

*Attorneys for Ubiquiti Inc.*